CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
November 23, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ Hannah Warren
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| In the Matter of the Application of | ) | |
| | ) | |
| Mediterranean Shipping Co., S.A. | ) | Civil Action No. 7:26-mc-33 |
| | ) | |
| Applicant, | ) | ORDER |
| | ) | |
| For an Order Pursuant to 28 U.S.C. § 1782 Directing Discovery for Use in Proceedings in Buenos Aires, Argentina | ) | By: C. Kailani Memmer<br>United States Magistrate Judge |

Parties with an interest in legal proceedings abroad may apply to the United States District Courts for assistance in securing local deponents or documents relevant to those proceedings. 28 U.S.C. § 1782; *Intel Corp. v. Advanced Micro Devices*, 542 U.S. 241 (2004). Congress has made this procedure available to foreign tribunals as a matter of comity. *Intel*, 542 U.S. at 261. Applicant Mediterranean Shipping Company S.A. ("MSC Argentina") petitions this court *ex parte*[1] for an order pursuant to 28 U.S.C. § 1782 authorizing it to serve discovery, in the form of a subpoena, on Blue Ridge Bank, National Association ("Blue Ridge Bank"), for use in a foreign proceeding. (ECF No. 1.) For the reasons below, MSC Argentina's application (ECF No. 1) is **GRANTED IN PART**.

## I. BACKGROUND

MSC Argentina is a shipping company that provides shipping services to and from Argentina. (Zavalia Decl., ECF No. 2-1, ¶ 5.) In 2019, MSC Argentina learned of a fraudulent scheme devised by one of its own employees. (Sopeña Guillén Decl., ECF No. 2-1, at 136–39.) MSC Argentina subsequently learned that numerous current and former

[1] The Fourth Circuit has approved of the district courts handling § 1782 requests on an *ex parte* basis. *See In re Newbrook Shipping Corp.*, 31 F. 4th 889, 892 (4th Cir. 2022) ("[§1782 applications] are often decided ex parte"); *In re Naranjo*, 768 F.3d 332, 338 n. 4 (4th Cir. 2014) ("the [§ 1782] application process often occurs *ex parte*").

employees used the company's third-party payment processes to defraud the company through fraudulent schemes resulting in significant losses to MSC Argentina. (Zavalia Decl., ECF No. 2-1, ¶¶ 4, 10, 12, 14–15.) These fraudulent schemes included diverting shipping commissions owed to MSC Argentina's clients to third parties that held themselves out as having contractual rights to these payments. *(Id.*, ¶ 10; Sopeña Guillén Decl., ECF No. 2-1, at 84–85, 88.)

On February 26, 2025, MSC Argentina filed a criminal complaint with Argentina's National Criminal and Correctional Court of Appeals. (Zavalia Decl., ECF No. 2-1, ¶ 9.) As a result, a criminal case has been opened before the National Criminal Court No. 7 of Buenos Aires. (*Id.*) The criminal complaint was assigned to an investigating judge and delegated to a public prosecutor in accordance with Argentina criminal procedure, and MSC Argentina became a party to actively participate and submit evidence in the proceeding. (*Id.*, ¶¶ 7, 9.) Since filing its complaint, MSC Argentina identified at least 95 payments between 2019 and 2023 that do not appear to have a proper business purpose. (*Id.*, ¶ 14.) These payments are not supported by invoices or other evidence in MSC Argentina's records. (*Id.*)

Some of these payments were linked to Argentine-peso deposits to one of MSC Argentina's largest customers, Mercator Transport Argentina ("Mercator") and do not correspond to any contracts or services between Mercator and MSC Argentina. (*Id.*, ¶¶ 14–15.) MSC Argentina's records reflect that one of the beneficiaries of these payments was Blue Ridge Bank. Blue Ridge Bank is the credit bank in MSC Argentina's bank records for payments totaling $119,000 to Natdio Desarrollo, LLC. (*Id.*, ¶ 16; Ex. 1, ECF No. 2-1.) The present application seeks discovery of transactions, bank records, invoices, and communications that will allow MSC Argentina to trace funds from alleged fraudulent

transfers and identify the ultimate beneficial owners of the payment beneficiaries and the purpose of the payments.

## II. LAW AND ANALYSIS

Before granting this application, the court must first determine whether MSC is eligible to seek the court's assistance under the relevant statute. Even if MSC is eligible, the court retains discretion over whether to issue the desired subpoena. For the following reasons, the court will grant in part MSC's application for discovery to Blue Ridge Bank.

The applicable statute, 28 U.S.C. § 1782, provides, in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or internal tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a).

### A. MSC Argentina's application satisfies the prima facie requirements for § 1782 discovery.

28 U.S.C. § 1782 applicants are required to satisfy a three-part prima facie test to determine whether they are eligible to seek discovery. *See In re Chevron Corp.*, No. 7:10-mc-00067, 2010 WL 48831, at *1–2 (W.D. Va. Nov. 24, 2010). To secure an order under § 1782, an applicant must satisfy the following statutory requirements: "(1) [t]he application must be made to the 'district court for the district in which the person resides or is found'; (2) the application must come from an 'interested person' or a foreign tribunal; (3) the application must seek evidence, including 'testimony' or a 'document'; and (4) the evidence sought by the application must be 'for use in a proceeding in a foreign

or international tribunal.'" *In re Banco Mercantil del Norte, S.A.*, 126 F.4th 926, 930 (4th Cir. 2025) (quoting *In re Newbrook Shipping Corp.*, 31 F.4th at 894).

First, Blue Ridge Bank is found within the Western District of Virginia. *See* 28 U.S.C. § 1782(a). Blue Ridge Bank is a corporate entity with its principal place of business located at 1 E Market St., Martinsville, Virginia. (*See* Ex. D, ECF No. 2-1 at 152.) The Fourth Circuit has held that a corporation is "found" in a district for purposes of § 1782 where it is "physically present by its officers and agents carrying on the corporation's business" or having agents "designated to receive process." *In re Eli Lilly & Co.*, 37 F.4th 160, 165–66 (4th Cir. 2022). Thus, Blue Ridge Bank is physically present by its officers and agents carrying on the corporation's business within the Western District of Virginia, and the first statutory factor is met.

Second, the present application comes from an "interested person." *See* 28 U.S.C. § 1782(a). The Supreme Court has stated that the text of § 1782, "upon the application of any interested person," plainly reaches beyond the universe of persons designated "litigant." *Intel Corp.*, 542 U.S. at 256. In *Intel Corp.*, the court held that a complainant who triggers a European Commission investigation qualifies as an "interested person" because it has a significant role in the process via its right to submit evidence and proceed to court if the Commission discontinues the investigation or dismisses the complaint. *Id.* Given these participation rights, the complainant "possess[es] a reasonable interest in obtaining judicial assistance." *Id.* Here, MSC Argentina is the victim of the alleged criminal conduct and the complainant in the Argentine criminal investigation. (*See* Zavalia Decl., ECF No. 2-1, Ex. B, ¶ 9.) MSC Argentina is a participant in the Argentine criminal proceeding and is allowed to submit relevant evidence for consideration by the Public Prosecutor and the overseeing judge. (*Id.*, ¶ 8.) MSC Argentina can also raise

additional criminal allegations that relate to the individuals or allegations named in the initial criminal complaint. (*Id.*) Thus, although not a litigant, MSC Argentina qualifies as an "interested person" within the meaning of § 1782. *See Intel Corp.*, 542 U.S. at 256.

Third, the application seeks documentary evidence permissible by statute. *See* 28 U.S.C. § 1782(a). In *Banco Mercantil del Norte, S.A.*, the Fourth Circuit approved a § 1782 application that sought documents including financial information and records, exchanges with clients, and deposition testimony to establish the target's relationships with various entities. 126 F.4th at 931. Here, MSC Argentina seeks records related to the transactions made to third parties and is intended to identify the ultimate beneficial owners of the payment beneficiaries and the disposition of the funds received from MSC Argentina; determine the relationship between the beneficiaries, or any individuals associated with them, and parties implicated in the alleged fraudulent scheme; and establish the full scope and mechanics of the alleged scheme, including by tracing funds and identifying co-conspirators. (Zavalia Decl., ECF No. 2-1, Ex. B, ¶ 20.) MSC Argentina intends to submit this evidence to the Argentine Court for use in the ongoing proceedings, and the discovery sought satisfies the third statutory element. (*Id.*, ¶ 21); *see* 28 U.S.C. § 1782(a).

Finally, the discovery sought is "for use" in a proceeding before a foreign tribunal. *See* 28 U.S.C. § 1782(a). An application under § 1782 "must show that [the discovery] sought is 'for use' in the foreign proceeding." *In re Banco Mercantil del Norte, S.A.*, 126 F.4th at 931 (quoting *In re Newbrook Shipping Corp.*, 31 F.4th at 895). To satisfy the "for use" requirement, the applicant need not demonstrate that the requested discovery is "essential for victory in the foreign proceeding." *Id.* Instead, it need only show that "there is a reasonable possibility that the evidence sought will be employed with some advantage

or serve some use in the proceeding." *Id.* (internal quotations omitted). Moreover, the Supreme Court has rejected the view that § 1782 comes into play only when adjudicative proceedings are "pending" or "imminent," *Intel Corp.*, 542 U.S. at 259, and the Fourth Circuit has held that "a party in a foreign proceeding can obtain a discovery order for materials from an American target for use in the foreign proceeding" pursuant to § 1782 as long as the requested discovery will be for use in "a reasonably contemplated, non-speculative proceeding." *In re Newbrook Shipping Corp.*, 31 F.4th at 892–88. Although outside our circuit, *In re Optimal Investment Servs., S.A.*, is particularly instructive. 773 F.3d 456 (2d Cir. 2014). There, the court held that a criminal investigation opened by a Swiss investigating magistrate was "exactly the type of proceeding" § 1782 was intended to reach. *Id.* at 461. Indeed, the text of § 1782 itself states that a foreign proceeding includes "criminal investigations conducted before formal accusation." *See* 28 U.S.C. § 1782(a).

The asserted foreign proceeding underlying MSC Argentina's discovery request is an ongoing criminal investigation in Argentina. (Zavalia Decl., ECF No. 2-1, Ex. B, ¶ 4.) Under Argentine criminal law, victims of crimes may initiate criminal proceedings by filing a complaint with Argentina's National Criminal and Correctional Court of Appeals, and once a complaint is filed, an investigating judge from an Argentine national criminal court is charged with overseeing the criminal proceedings. (*Id.*, ¶ 7.) On February 26, 2025, MSC Argentina filed a criminal complaint in accordance with this procedure, and the complaint was assigned to the judge in charge of the National Criminal Court No. 7 of Buenos Aires. (*Id.*, ¶ 9.) The judge delegated the investigation to the Public Prosecutor in charge of the National Investigation Prosecutor's Office of Criminal and Correctional Matters No. 36, and MSC Argentina is a private party to the proceedings to actively

participate in evidence-gathering efforts. (*Id.*) The discovery sought will likely be both admissible before the Argentine Court and helpful to the court's adjudicative role as it decides whether to indict or acquit the accused parties. (*Id.*, ¶ 21.) The Argentine criminal investigation is thus closely analogous to the Swiss criminal investigation at issue in *In re Optimal Investment Servs., S.A.*, and is "exactly the type of proceeding" for which § 1782 was intended. 773 F.3d at 461. And the discovery sought will be "for use" in the Argentina criminal proceeding. *See* 28 U.S.C. § 1782(a).

**B. The *Intel* discretionary factors support granting MSC Argentina's application.**

Eligibility alone, however, does not make MSC Argentina entitled to such discovery. *In re VUZ-Bank JSC*, Civil Action No. 5:21-mc-00011, slip op. at 3 (W.D. Va. Oct. 5, 2021). The court retains discretion over whether to grant MSC Argentina's application. Once the prima facie requirements are satisfied, the court may consider the following discretionary factors:

> (1) whether 'the person from whom discovery is sought is a participant in the foreign proceeding'; (2) 'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance'; (3) 'whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States'; and (4) whether the request is 'unduly intrusive or burdensome.'

*In re Eli Lilly & Co.*, 37 F.4th at 168 (quoting *Intel Corp.*, 542 U.S. at 264–65).

The first factor, "whether 'the person from whom discovery is sought is a participant in the foreign proceeding,'" weighs in favor of granting the application. *See In re Eli Lilly & Co.*, 37 F.4th at 168. When the person from whom discovery is sought is a participant in the foreign proceeding, the need for § 1782(a) aid generally is not as

apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. *Intel Corp.*, 542 U.S. at 264. In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid. *Id.* Blue Ridge Bank is not a party or complainant in the Argentine proceeding. The criminal complaint is not aimed at Blue Ridge Bank but instead is aimed at MSC Argentina's former employees who participated in an alleged scheme to defraud MSC Argentina's clients. (*See* Zavalia Decl., ECF No. 2-1, Ex. B, ¶ 9.) There is no obvious way Blue Ridge Bank would become a party to any future Argentine prosecution. *See In re VUZ-Bank JSC*, No. 5:21-mc-00011, slip op. at 4.

The second factor, "'the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance,'" does not weigh against the application. *See In re Eli Lilly & Co.*, 37 F.4th at 168. Receptivity "is not a question of whether the foreign court itself would order or even permit discovery in the same case but rather is a question of how a foreign court 'might respond to § 1782 assistance from a United States court.'" *In re Chevron Corp.*, 2010 WL 4883111, at *3. Courts have held that absent a clear directive or authoritative proof the foreign tribunal would reject the evidence obtained, such as "judicial, executive, or legislative declarations that specifically address the use of evidence gathered under foreign procedures," the second factor counsels in favor of granting a § 1782 application. *Id.* MSC Argentina asserts the experience of its counsel suggests the Argentine court will be receptive to the requested discovery. (Zavalia Decl., ECF No. 2-1, Ex. B, ¶ 21.) The court is unfamiliar with Argentina's receptivity to evidence collected abroad, but at least four other district courts

have granted § 1782 applications to assist proceedings in Argentina. *See, e.g.*, *In re Application of Mediterranean Shipping Co., S.A.*, No. 1:25-mc-00598, 2026 WL 1256429, at *5 (S.D.N.Y. May 7, 2026); *In re Request for Jud. Assistance from Nat'l Civ. Ct. of First Instance No. 42 in Caba, Republic of Argentina*, No. 24-mc-80271, 2024 WL 5191988, at *1 (N.D. Cal. Dec. 20, 2024); *In re Request for Jud. Assistance from the Just. Of the Peace Ct. of Chivilcoy in Chivilcoy, Argentina*, No. 26-5043, 2026 WL 1734920, at *1 (D.N.J. June 16, 2026); *Sanchez v. Adverit Int'l LLC*, No. 25-cv-21144-ALTMAN/Lett, 2025 WL 2171607, at *1 (S.D. Fla. July 31, 2025).

The third factor, "whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States,'" is somewhat difficult to evaluate but does not counsel against granting the application. *See In re Eli Lilly & Co.*, 37 F.4th at 168. Courts have applied a good-faith standard to this factor—if the application appears to have been made in good faith, courts will grant it. *In re VUZ-Bank JSC*, 5:21-mc-00011, slip op. at 5 (citing *In re Chevron Corp.*, 2010 WL 488311, at *3); *see also In re Investbank PSC*, 2020 WL 8512850, at *2. MSC Argentina asserts that by filing this application, it is not attempting to circumvent proof-gathering restrictions or other policies of Argentina in the United States, and MSC Argentina has a good-faith basis for seeking the requested discovery. (ECF No. 2 at 10.) Because nothing in MSC Argentina's application suggests bad faith, this factor also favors granting the application. *See In re VUZ-Bank JSC*, 5:21-mc-00011, slip op. at 5.

The fourth discretionary factor, "whether the request is 'unduly intrusive or burdensome,'" requires closer evaluation. *See In re Eli Lilly & Co.*, 37 F.4th at 168. This factor is in line with Federal Rule of Civil Procedure 45, which requires the court to quash or modify a subpoena that "subjects a person to undue burden." *See* Fed. R. Civ. P.

45(d)(3)(A)(iv). The scope of discovery allowed under a subpoena is the same as the scope of discovery allowed under Federal Rule of Civil Procedure 26. *See* Fed. R. Civ. P. 26; *In re Campuzano-Trevino*, Civil Case No. SAG-22-00365, 2022 WL 570254, at *3 (D. Md. Feb. 24, 2022). As such, courts within the Fourth Circuit have applied a relevance standard to determine whether a § 1782 request is unduly burdensome. See Fed. R. Civ. P. 26(b) ("[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case"); *Campuzano-Trevino*, 2022 WL 570254, at *3 ("the Court must [...] analyze the subpoena under the relevancy standards enumerated in Rule 26(b)"); *In re Travessia Securitizadora de Creditos Financeiros X S.A.*, 712 F. Supp. 3d 707, 716 (D.S.C. Jan. 19, 2024) ("the Court must review [the] subpoena[] under the relevancy standards set forth in Rule 26(b)"); *In re Sadeq*, 1:21mc6, 2022 WL 825505, at *25 (M.D.N.C. Mar. 18, 2022) ("[t]he scope of discovery under Rule 45 mirrors Rule 26, [...] which permits discovery of any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case").

Moreover, whether a request poses an undue burden is a question of reasonableness, and requests are unduly intrusive and burdensome where they are not narrowly tailored, request confidential information, and appear to be a broad fishing expedition for irrelevant information. *In re Application of Banco Mercantil del Norte, S.A.*, No. 3:23-mc-01188, 2023 WL 6690708, at *12 (E.D. Va. Oct. 12, 2023). Indeed, § 1782 discovery should be denied where an applicant "can obtain the information from other sources without imposing a burden on a non-party to the foreign action." *Id.*

MSC Argentina asserts its discovery request is narrowly tailored to the subject matter of the Argentine proceeding and seeks documents the subpoenaed entity alone

possesses. (ECF No. 2 at 10–11.) The court hesitates to blindly accept this assertion in light of the Southern District of New York's ("SDNY") recent decision concerning a similar discovery request by MSC Argentina directed toward three other U.S.-based banking institutions for use in the Argentine criminal investigation. *See In re Application of Mediterranean Shipping Co., S.A.*, 2026 WL 1256429, at *1. There, the court applied the Rule 26 relevance standard and concluded it was necessary to narrow the proposed subpoena, which sought "[a]ny and all" documents and communications relating to various third-party payment beneficiaries over a multi-year period. *Id.* at *6. The court determined the request for all documents relating to these third-party beneficiaries over an extended time period is not proportional to the limited nexus between the targets of the subpoena and the alleged transactions reflected in the record. *Id.*

Here, the requested subpoena is identical to the proposed subpoena in the SDNY case. (*See* ECF No. 2-1 at 4–12) *See also* Proposed Subpoena, *Application of Mediterranean Shipping Co., S.A.*, 1:25-mc-00598-JLR (ECF Nos. 3-1, 3-2, 3-3) (S.D.N.Y. Dec. 29, 2025). Although MSC Argentina sought subpoenas from three separate financial institutions in the SDNY case, the proposed subpoena requests "any and all" documents and communications relating to various third-party beneficiaries over a multi-year period. (*See* ECF No. 2-1 at 12.) *See also Application of Mediterranean Shipping Co., S.A.*, 2026 WL 1256429, at *6. Given that the proposed subpoena is identical to the subpoenas requested in the SDNY case, and courts within the Fourth Circuit apply the same Rule 26(b) relevance standard to §1782 requests under the undue burden prong of the *Intel* discretionary analysis, this court declines to chart a different path. The court therefore finds it appropriate to narrow the proposed subpoena. *See Intel*, 542 U.S. at 265 ("unduly intrusive or burdensome requests may be rejected or trimmed").

Accordingly, the Proposed Subpoena shall be limited to:

(1) a reasonable temporal window—January 1,2019, through December 31, 2023—that is tied to the specific transactions identified in MSC Argentina's submissions, which took place "between 2019 and 2023" (Zavalia Decl., ECF No. 2-1, Ex. B, ¶ 14);

(2) the following categories of information:

a. a list of the accounts in the Payment beneficiaries' name, as defined the Proposed Subpoena;

b. documents sufficient to show transactions involving the Payment beneficiaries' accounts and either MSC Argentina or any Argentina Defendant, including the amounts, dates, originating accounts, beneficial owners of the originating accounts (if known), intermediary banks (if any), receiving accounts, beneficial owners of the receiving accounts (if known), purpose (if known), special instructions (if any), parties receiving notice (if known), and parties that approved or authorized the transactions (if known); and

c. account opening documents, identity verification documents, account closing documents, due diligence documents, and know-your-client documents for any account in the Payment beneficiaries' name that shared transactions with either MSC Argentina or any Argentina Defendant.

The foregoing measures resolve any concerns of overbreadth such that the fourth *Intel* factor likewise weighs in favor of granting the Application. *See Application of Mediterranean Shipping Co., S.A.*, 2026 WL 1256429, at *7.

Finally, the court pauses to consider the "twin aims" of § 1782. District courts must exercise their discretion under § 1782 in light of the twin aims of the statute. *Al Fayed v.*

*United States*, 210 F.3d 421, 424 (4th Cir. 2000) (quoting *Application of Esses*, 101 F.3d 873, 876 (2d Cir. 1996)). Section 1782's twin aims are "providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." *Intel Corp.*, 542 U.S. at 252. Granting MSC Argentina's request to permit discovery for use in the Argentine criminal investigation, which involves allegedly widespread criminal conduct perpetrated on numerous victims, furthers both aims. Therefore, the court will exercise its discretion by granting the application as modified.

## III. CONCLUSION

For these reasons, MSC's application for § 1782 discovery is **GRANTED IN PART**. MSC Argentina has 21 days to serve its modified subpoena on Blue Ridge Bank. In turn, Blue Ridge Bank will have 21 days from the date of receipt of the subpoena to file a responsive motion to quash in this court. *In re Naranjo*, 768 F.3d at 338–39 n.4. Any motion to quash may address MSC Argentina's eligibility to apply for § 1782 discovery and the court's decision to grant this application. If appropriate, the court will set a hearing to address any motion to quash.

The clerk is directed to forward a copy of this order to counsel of record. Counsel is further **ORDERED** to provide a copy of this order with the subpoena.

Entered: November 23, 2026

C. Kailani Memmer
United States Magistrate Judge